**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0480-23

U.S. BANK TRUST NATIONAL
ASSOCIATION, AS TRUSTEE
OF YURT SERIES V TRUST,

     Plaintiff-Respondent,

v.

MICHAEL F. MUCKELSTON, SR.
and CAMILLE E. MUCKELSTON,

     Defendants-Appellants,

and

UNITED STATES OF AMERICA
ACTING ON BEHALF OF THE
DEPARTMENT OF
TREASURY - INTERNAL
REVENUE SERVICE,

     Defendant.

_____

Submitted October 2, 2024 – Decided November 8, 2024

Before Judges Marczyk and Paganelli.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-001560-22.

Michael F. Muckelston, Sr. and Camille E. Muckelston, appellants pro se.

Friedman Vartolo LLP, attorneys for respondent (Michael Eskenazi, on the brief).

PER CURIAM

Defendants Michael Muckelston and Camille Muckelston appeal the September 8, 2023 trial court order denying their motion to vacate the final judgment entered in favor of plaintiff U.S. Bank Trust National Association, as Trustee of Yurt Series V Trust. We affirm.

I.

In April 2019, Michael Muckelston executed a note in favor of CrossCountry Mortgage, Inc. (CrossCountry) in the amount of $280,000. To secure payment of the note, defendants executed a mortgage through Mortgage Electronic Registration Systems, Inc., as nominee for CrossCountry. The mortgage was recorded in May 2019 with the Ocean County Clerk.

In August 2019, defendants defaulted on the loan when they failed to make timely payments. The note contains a provision that states if the obligor defaults, the entire amount due on the note may be demanded. After defaulting,

the entire amount due on the loan was accelerated, and defendants failed to cure the default.

The note and mortgage were assigned several times, most recently to plaintiff.[1]  In November 2021, a prior mortgage holder mailed defendants separate Notices of Intention to Foreclose (NOI) by first class and certified mail to the mortgaged property and defendants' address of record, both in Forked River.  The NOIs were stamped "Certified Mail, Return Receipt Requested, via Certified and Regular Mail."  The NOI addressed to both defendants contained certified mail numbers that matched the numbers on the respective United States Postal Service (USPS) tracking histories indicating the mail was delivered.

In February 2022, a foreclosure complaint was filed by plaintiff's predecessor in interest.  In May 2022, a request for entry of default was filed against defendants.  In November 2022, plaintiff's predecessor in interest mailed defendants separate notices for the entry of final judgment via certified and regular mail.  The notices cited N.J.S.A. 2A:50-58(a) and informed defendants of their right to cure the defaulted loan.

---

[1]  In December 2022, U.S. Bank Trust National Association, as Trustee of Yurt Series V Trust, was substituted as plaintiff in the case.

A-0480-23

In March 2023, plaintiff filed a motion for final judgment. The motion contained a certification of Catherine Aponte, Esq., who stated "[p]laintiff has served the debtor with the notice to cure as required by N.J.S.A. 2A:50-58(a)," and included a copy of the mailed notices to cure. She further noted defendants made no effort to cure.

The trial court entered final judgment in plaintiff's favor on March 31, 2023, noting defendants "failed to answer, plead or otherwise respond to the [c]omplaint . . . or having . . . their contesting pleadings stricken." The judgment provided plaintiff was entitled to the sum of $378,512.31 in principal and interest and further permitted the mortgaged premises to be sold in a sheriff's sale.

In August 2023, defendants filed a motion to: vacate the final judgment and entry of default; dismiss the complaint; and cancel the sheriff's sale. They argued plaintiff filed its complaint without providing them with an NOI as required under the terms of the mortgage. Defendants also alleged plaintiff failed to properly serve the "notices to cure." They further argued plaintiff did not certify that defendants received the notices to cure.

Defendants failed to appear for the September 8, 2023 hearing. On that same day, the trial court issued an order and written opinion denying defendants' motion in its entirety.

The trial court found plaintiff complied with the NOI requirement under N.J.S.A. 2A:50-56 and stated the following:

> On November 23, 2021, [p]laintiff mailed [d]efendants separate [NOIs] to the individual [d]efendants by [f]irst [c]lass and [c]ertified [m]ail to both the subject mortgaged premises . . . [in] Forked River . . . ("Premises") and to their address of record . . . [in] Forked River . . . . Copies of the [USPS] tracking histories showing that the certified mailings were received at the premises were provided and attached as [exhibits].

Furthermore, the court found plaintiff adequately demonstrated defendants defaulted because the certification submitted by plaintiff established the amount due and defendants' failure to pay. The trial court concluded defendants failed to demonstrate a basis for vacating the judgment under Rule 4:50-1 and denied their motion.

This appeal followed.

II.

Defendants argue the trial court erred and abused its discretion by not vacating the final judgment and entry of default. Defendants contend plaintiff's

NOI did not comply with the notice requirements under New Jersey's Fair Foreclosure Act, N.J.S.A. 2A:50-56 (FFA).  Defendants also challenge plaintiff's proofs that it properly served the notice of the right to cure their default.[2]

"The trial court's determination under [Rule 4:50-1] warrants substantial deference and should not be reversed unless it results in a clear abuse of discretion."  U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012).  An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

A trial judge should review a motion to vacate default judgment "'with great liberality,' and should tolerate 'every reasonable ground for indulgence . . .

---

[2]  Defendants assert for the first time on appeal that plaintiff's predecessor in interest mailed the NOIs prior to the time it was assigned the mortgage from the prior mortgagee.  We need not consider arguments not raised before the trial court.  Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); see also State v. Robinson, 200 N.J. 1, 19 (2009) ("Appellate review is not limitless.  The jurisdiction of appellate courts rightly is bounded by the proofs and objections critically explored on the record before the trial court by the parties themselves."); Zaman v. Felton, 219 N.J. 199, 226-27 (2014); R. 2:2-3.

to the end that a just result is reached.'" First Morris Bank & Tr. v. Roland Offset Serv., Inc., 357 N.J. Super. 68, 71 (App. Div. 2003) (omission in original) (quoting Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)). "All doubts . . . should be resolved in favor of the parties seeking relief." Mancini, 132 N.J. at 334.

Rule 4:50-1 provides:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R[ule] 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

If the relief is sought on contested facts, an evidential hearing must be held. Nolan v. Le Ho, 120 N.J. 465, 474 (1990).

To obtain relief from a default judgment under Rule 4:50-1(a), a defendant must demonstrate both excusable neglect and a meritorious defense. Dynasty

7

Bldg. Corp. v. Ackerman, 376 N.J. Super. 280, 285 (App. Div. 2005). "'Excusable neglect' may be found when the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" Guillaume, 209 N.J. at 468 (quoting Mancini, 132 N.J. at 335). To determine if a defense is meritorious, courts "must examine defendant's proposed defense." Bank of N.J. v. Pulini, 194 N.J. Super. 163, 166 (App. Div. 1984).

Initially, we observe defendants have not articulated any excusable neglect to justify vacating the default judgment. They do not challenge plaintiff's service of the summons and complaint and do not explain why they failed to answer or otherwise defend this case throughout the litigation—until they filed a motion to vacate the default judgment. They also do not specify what subsection of Rule 4:50-1 is applicable.

In a mortgage foreclosure proceeding, the court must determine three issues: "the validity of the mortgage, the amount of the indebtedness" and default, and the right of the plaintiff to foreclose on the mortgaged property. Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). Standing for foreclosure proceedings is established through "either possession of the note or an assignment of the mortgage that predated the original complaint." Deutsche Bank Tr. Co. Ams. v.

<u>Angeles</u>, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing <u>Deutsche Bank Nat'l Tr. Co. v. Mitchell</u>, 422 N.J. Super. 214, 216 (App. Div. 2011)). A party initiating a foreclosure proceeding "must own or control the underlying debt" obligation at the time an action is initiated to demonstrate standing to foreclose on a mortgage. <u>Mitchell</u>, 422 N.J. Super. at 222 (quoting <u>Wells Fargo Bank, N.A. v. Ford</u>, 418 N.J. Super. 592, 597 (App. Div. 2011)). Defendants do not contest that plaintiff failed to establish the validity of the mortgage, the amount of their indebtedness, or subsequent default. Rather, they contest plaintiff's right to foreclose by challenging the service of the NOI and the notice to cure.

N.J.S.A. 2A:50-56 governs the service of an NOI under the FFA. It provides:

> (a) Upon failure to perform any obligation of a residential mortgage by the residential mortgage debtor and before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation and commence any foreclosure or other legal action to take possession of the residential property which is the subject of the mortgage, the residential mortgage lender shall give a notice of intention, which shall include a notice of the right to cure the default as provided in section 5 of P.L.1995, c.244 (C.2A:50-57), at least 30 days, but not more than 180 days, in advance of such action as provided in this section, to the residential mortgage debtor . . . .
>
> (b) Notice of intention to take action as specified in subsection a. of this section shall be in writing, . . . sent

to the debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of the property which is the subject of the residential mortgage. The notice is deemed to have been effectuated on the date the notice is delivered in person or mailed to the party.

Defendants also rely on paragraphs twenty and twenty-two of their mortgage agreement. Paragraph twenty-two requires the lender to give notice to defendants of their right to cure their loan default "prior to acceleration following [defendant's] breach of any covenant or agreement in this [s]ecurity instrument." Paragraph twenty requires the lender to give notice before commencing a judicial action that arises from a breach of the mortgage.

Plaintiff counters it did in fact provide proof that it requested a return receipt with its notice, as indicated in the NOIs. Moreover, it contends the NOIs and USPS confirmation of mailing provided to the trial court were sufficient to comply with the FFA.

An NOI is a mandatory prerequisite to the filing of the foreclosure complaint under the FFA. Spencer Savs. Bank, SLA v. Shaw, 401 N.J. Super. 1, 7 (App. Div. 2008). The notice must be "in writing, . . . sent to the debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of the property which is the subject of the residential mortgage." N.J.S.A. 2A:50-56(b).

10

Notably, the FFA does not require proof of receipt. Instead, proof that a plaintiff requested a return receipt of the NOI is sufficient to meet the statutory requirements. Under the plain language of N.J.S.A. 2A:50-56(b), notice is "effectuated on the date the notice is delivered in person or mailed to the party." The statute does not require proof of delivery. New Jersey courts "have recognized a presumption that mail properly addressed, stamped, and posted was received by the party to whom it was addressed." SSI Med. Servs., Inc. v. State Dept. of Hum. Serv., 146 N.J. 614, 621 (1996).

We have held that a foreclosing plaintiff satisfies the FFA when it sends the statutory NOI by first class and certified mail, return receipt requested. EMC Mortgage Corp. v. Chaudhri, 400 N.J. Super. 126, 143 (App. Div. 2008). In that case, the foreclosing plaintiff provided sufficient proof of compliance because it presented evidence that the certified mail notice was sent to the defendant and that the first-class mail had not been returned. Id. at 140. The court concluded that the "simultaneous use of certified mail and first class mail satisfies the statutory requirements of N.J.S.A. 2A:50-56. Nothing more is required." Ibid.

Based on plaintiff's proofs in this case, the trial court properly found that plaintiff satisfied the notice requirements under the FFA. Separate NOIs were mailed to each defendant by first class and certified mail. Plaintiff attached the

11                                                                    A-0480-23

mailed NOIs to its reply in opposition to defendants' motion. The NOIs also establish that a return receipt was requested with the notices.

As a result, the trial court did not misuse its discretion in finding plaintiff satisfied the requirements under N.J.S.A. 2A:50-56 because separate NOIs were sent via certified mail, return receipt requested, to each debtor's last known address and mortgaged premises.

Next, defendants claim they were not properly mailed a notice to cure. Defendants allege plaintiff failed to provide a copy of the notice to cure prior to moving for final judgment, as required pursuant to N.J.S.A. 2A:50-58(a)(1).

Plaintiff, in turn, asserts that it complied with the FFA's requirement because it included proof of compliance with its motion for final judgment. Specifically, plaintiff contends that it provided proof of compliance through the certification of Catherine Aponte, who submitted the notices served on defendants with the motion for final judgment.

N.J.S.A. 2A:50-58(a)(1) requires an additional notice to cure the default to be served prior to filing a request for the entry of judgment. The statute provides:

> [A] lender shall apply for entry of final judgment and provide the debtor with a notice, mailed at least [fourteen] calendar days prior to the submission of proper proofs for entry of a foreclosure judgment,

providing the debtor with the name and address of the lender and the telephone number of a representative of the lender whom the debtor may contact to obtain the amount required to cure the default, and advising that, absent a response from the debtor [certifying there is a reasonable likelihood of ability to cure the default], proper proofs will be submitted for entry of final judgment in the foreclosure action and that upon entry of final judgment, the debtor shall lose the right . . . to cure the default.

[Id.]

Under this statute, the lender is required to attach a copy of the required fourteen-day notice with the application for final judgment. Ibid. The mailing requirements for the notice to cure are the same as those for the NOI. Ibid. Specifically, in uncontested foreclosure actions, "the lender [must] provide the debtor with a notice, mailed at least fourteen calendar days prior to the submission of proper proofs for entry of a foreclosure judgment" to advise the debtor that a final judgment will be entered if they fail to submit a certification of likelihood of ability to cure the default within forty-five days. Cho Hung Bank v. Kim, 361 N.J. Super. 331, 345-46 (App. Div. 2003).

Defendants rely on Cho, where a foreclosure judgment was vacated because plaintiff failed to mail a fourteen-day notice as required by N.J.S.A. 2A:50-58(a). Their reliance is misplaced. In contrast to Cho, here, plaintiff established defendants were mailed a notice to cure prior to moving for final

13

judgment and attached the proofs and the notice to its motion for final judgment, satisfying N.J.S.A. 2A:50-58(a)(1). The proofs demonstrate defendants were both mailed separate "[n]otice of [e]ntry of [f]inal [j]udgment" on November 7, 2022. This notice cited N.J.S.A. 2A:50-58(a) and informed defendants of their right to cure the default. However, defendants failed to respond to the notice to cure. Accordingly, the court did not misuse its discretion in denying defendants' motion to vacate under Rule 4:50-1.

To the extent we have not specifically addressed any other contentions raised by defendants, they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14

A-0480-23