**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1217-23

HEADLANDS ALTERNATIVE
INVESTMENTS, LP,

      Plaintiff-Respondent,

v.

LINDA C. KOWALSKY and
PETER J. KOWALSKY,

      Defendants-Appellants,

and

PHILIP CARDACI and DAWN
FORGERSON,

      Defendants.

_____

Submitted October 22, 2024 – Decided December 19, 2024

Before Judges Susswein and Bergman.

On appeal from the Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-011255-22.

Linda C. Kowalsky and Peter J. Kowalsky, appellants pro se.

Hill Wallack LLP, attorneys for respondent (Elizabeth K. Holdren, of counsel and on the brief).

PER CURIAM

Defendants Linda C. and Peter J. Kowalsky appeal from a judgment of foreclosure granted by summary judgment in favor of plaintiff Headlands Alternative Investments LP and from the denial of their subsequent motion to vacate the judgment. Since we conclude summary judgment was appropriately granted by the trial court and no grounds existed to vacate the judgment, we affirm.

I.

On June 30, 2003, defendants executed an adjustable rate note to Ameriquest Mortgage Company in the original principal amount of $198,000.00 plus interest at an initial rate of 9.6% (note). To secure the payment obligations under the note, defendants executed a mortgage (mortgage) to Ameriquest, in the principal amount of $198,000.00, plus interest, secured by real property located on East 4th Avenue, Roselle, NJ, 07203 (the property). The mortgage was recorded in the Union County Clerk's Office. The terms of the note and mortgage were modified by a loan modification agreement executed by

2

defendants in July 2010, which modified the unpaid principal balance of the loan to $322,928.18, at the yearly rate of interest of 4.84%.

Thereafter, the record shows a series of assignments of the note and mortgage occurred resulting in the ultimate ownership to plaintiff through assignment to it from MTGLQ Investors, L.P. dated June 27, 2022, and recorded in the Union County Clerk's Office on July 27, 2022.

It is undisputed that prior to the final assignment to plaintiffs, payment due on September 1, 2013 and thereafter were not made by defendants. Therefore, no dispute existed defendants were in default under the terms of the note and mortgage for close to nine years at the time of the assignment to plaintiff. As a result of the default, a notice of intent to foreclose (NOI) was delivered to defendants via regular and certified mail, return receipt requested, advising them of the payment default and providing the opportunity to cure the default. Defendants did not cure the default.

Plaintiff filed the underlying residential foreclosure action in October 2022. Defendants filed a contested answer with affirmative defenses in November 2022. After completion of discovery, plaintiff moved for summary judgment in March 2023. In support of its motion, it attached business records, affidavits, and recorded public documents. Defendants filed opposition

A-1217-23

asserting plaintiff lacked standing to file the foreclosure. Defendants also claimed that summary judgment was inappropriate because discovery was not complete.

In April 2023, the trial court entered an order granting plaintiff's summary judgment motion along with written statement of reasons. The court found defendants defaulted under the terms and conditions of the mortgage by failing to make monthly installment payments on September 1, 2013, and all payments due thereafter. The court concluded the NOI sent by plaintiff in August 2022 complied with the New Jersey Fair Foreclosure Act (FFA). Further, the court found plaintiff was the holder of the note and mortgage and possessed the original note prior to the filing of its complaint in October 2022. The court concluded defendants' answer and affirmative defenses failed to raise any genuine issue of material fact. Lastly, the court found plaintiff adequately responded to defendants' discovery requests.

Plaintiff moved for final judgment of foreclosure in August 2023. Defendants filed opposition. Pending the motion return date, the court sent notice to defendants advising them their objection did not meet the criteria required by Rule 4:64-1(d) as they failed to object to the amount due as required by the rule.

4

On September 28, 2023, final judgment was entered in favor of plaintiff and against defendants in the amount of $549,257.02, which included lawful interest at the contract rate of 4.84% on the sum of $405,206.62 from the date of default to August 1, 2023, together with costs of suit including a counsel fee award of $5,642.57.

Thereafter, defendants moved to vacate the final judgment of foreclosure relying on Rule 4:50-1(b), arguing there was newly discovered evidence demonstrating plaintiff has "repeatedly transferred its interest in the mortgage, and therefore lacks standing to foreclose on the property." Further, defendants raised additional grounds to vacate the final judgment without identifying which section(s) of Rule 4:50-1 applied. Plaintiff opposed the motion to vacate final judgment.

On November 3, 2023, the trial court entered an order denying defendants' motion to vacate final judgment along with a written statement of reasons. The trial court found "defendant[s] fail[ed] to provide a valid basis for this [c]ourt to grant their motion." The trial court found there was no evidence showing that the mortgage was assigned after commencement of the foreclosure action, therefore there was no newly discovered evidence in this case affecting standing.

Further, the trial court found the NOI was in full compliance with the FFA and that plaintiff had replied to defendants' discovery requests and had served its responses to defendants. Defendants now appeal from the trial court order granting summary judgment to plaintiff and denying their subsequent request to vacate the judgment.

## II.

We first address defendant's argument pertaining to the denial of their motion to vacate the judgment. A trial court's decision to grant or deny a motion to vacate [a final] judgment will not be disturbed absent a clear abuse of discretion. U.S. Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 466-67 (2012); Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). To show an abuse of discretion, the moving party must demonstrate the decision was "'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Borough of Englewood Cliffs v. Trautner, 478 N.J. Super. 426, 437 (App. Div. 2024) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Under the relevant rule for vacating a final judgment, the trial court may relieve a party from a final judgment or order for "(a) mistake; (b) newly discovered evidence; (c) fraud; (d) because the judgment or order is void; (e)

A-1217-23

the judgment or order has been satisfied, released, reversed, or otherwise vacated; or (f) 'any other reason justifying relief from the operation of the judgment or order.'" MTAG v. Tao Invs., LLC, 476 N.J. Super. 324, 333 (App. Div. 2023) (quoting R. 4:50-1(a) to (f)), certif. denied, 255 N.J. 447 (2023).

Rule 4:50-1 "[is] designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 123 (App. Div. 2021) (quoting Manning Eng'g, Inc. v. Hudson Cnty. Park Comm'n, 74 N.J. 113, 120 (1977)). As such, a motion for relief under Rule 4:50-1 should be granted "'sparingly [and only] in exceptional situations . . . in which, were it not applied, a grave injustice would occur.'" Badalamenti by Badalamenti v. Simpkiss, 422 N.J. Super. 86, 103 (App. Div. 2011) (quoting Little, 135 N.J. at 289). The movant bears the burden of demonstrating [their] entitlement to relief under the rule. See Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425-26 (App. Div. 2003).

On appeal, defendants reprise their arguments made before the trial court in their motion to vacate final judgment, citing Rule 4:50-1(b), that newly discovered evidence demonstrates plaintiff "repeatedly transferred its interest in

the mortgage, and therefore lacks standing to foreclose on the property."

Defendants again argue the mortgage was assigned "after plaintiff commenced the foreclosure action" and therefore there is no standing to maintain the foreclosure action.

To constitute newly discovered evidence under Rule 4:50-1(b), the evidence must have been "unobtainable by the exercise of due diligence[;]" "probably . . . [would] change[] the result[;]" and would "not [be] merely cumulative." DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009) (quoting Quick Chek Food Stores v. Twp. of Springfield, 83 N.J. 438, 445 (1980)).

We conclude, as did the trial court, that defendants failed to show any reasons why this evidence was newly discovered and not merely cumulative. The record shows plaintiff received an assignment of the mortgage on June 27, 2022. The original complaint to foreclose was filed on October 20, 2022. There was no evidence of any subsequent transfers after the assignment date and before the complaint filing date in the summary judgment record. Accordingly, because defendants failed to show any evidence of assignments after June 27, 2022 that would raise issues concerning plaintiff's ownership of the note and mortgage, there was no "newly discovered evidence" to support the basis of their motion under Rule 4:50-1(b).

8

Defendants next argue plaintiff failed to provide them sufficient pre-action notice under the FFA and the court should have denied plaintiff's summary judgment motion because of this defect. Defendants again reprise the same arguments in their opposition for summary judgment made to the trial court that the NOI merely identifying the "name and address of the loan servicing company acting on behalf of the lender does not satisfy the FFA's notice requirements." Defendants argue the notice must contain the lender's actual name and address, among other specific details under N.J.S.A. 2A:50-56(c)(11).

We review the trial court's grant or denial of a motion for summary judgment de novo, applying the same standard used by the trial court. Samolyk v. Berthe, 251 N.J. 73 (2022); Stewart v. N.J. Tpk. Auth./Garden State Parkway, 249 N.J. 642, 655 (2022); Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

A NOI is a mandatory prerequisite to the filing of the foreclosure complaint under the FFA. Spencer Sav. Bank, SLA v. Shaw, 401 N.J. Super. 1,

7 (App. Div. 2008). The notice must be "in writing, . . . sent to the debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of the property which is the subject of the residential mortgage." N.J.S.A. 2A:50-56(b). The FFA requires foreclosure plaintiffs list the name and address of the lender on the NOI. Guillaume, 209 N.J. at 458. Further, the written notice must "clearly and conspicuously state in a manner to make the debtor aware of" information regarding the obligation, the right of the debtor to cure, what performance shall be tendered to cure the default and the date by which the debtor may cure, among other things. N.J.S.A. 2A:50-56(c)(1) to (15).

We find no error in the trial court's finding which addressed this identical argument and determined there were no genuine issues of material fact concerning the validity of the NOI. The court found the NOI sent to defendants was in full compliance with the FFA by "providing the name and address of the lender as well as the telephone number of a representative." Although our review of the record indicates the NOI lists the lender's name but does not list the lender's address and instead listed the servicers address, we conclude this failure to include the lender's actual address was not a material fact which was genuine because it listed the lenders name, its phone number and was served

10

more than thirty days prior to the commencement of any foreclosure proceedings at the property.  See N.J.S.A. 2A:50-56(a) and (b).  We determine the NOI was reasonably calculated to provide defendant notice of the impending foreclosure action and provided them an opportunity to object to the default.

Defendants do not dispute they received the notice.  They also do not dispute the phone number for the lender was provided nor have they provided any evidence they attempted to contact the lender by phone or sent a letter to the lender at the wrong address providing valid objections to the foreclosure. Without such evidence, there was clearly no genuine issue of fact relevant to the notice received through the NOI.  Nor did defendant suffer any prejudice.  The trial court did not abuse its discretion in denying relief based on this argument by defendants.

We now turn to defendant's argument raised for the first time on appeal that the trial court erred by failing to require a "meaningful loan modification discussion."  It is a well-settled principle that appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such presentation is available "unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest."  Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234, (1973).

We conclude defendant's newly-minted argument does not concern a jurisdictional issue; nor does it involve a matter of great public interest. Therefore, we decline to address the argument on appeal since defendants had the opportunity to raise this argument in the trial court but failed to do so.

We add for the sake of completeness that a trial court's management of procedural matters, including whether to permit or require loan modification discussions, is generally reviewed for abuse of discretion. As we have noted, an abuse of discretion occurs when the trial court's decision is "'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Guillaume, 209 N.J. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Defendants fail to cite to any authority that the trial court was required to engage in or facilitate a loan modification discussion before entering a final judgment of foreclosure. The record reveals defendants first requested mediation in their opposition to plaintiff's motion for final judgment. An objection to a motion for final judgment may only dispute the amount contained in plaintiff's certification of amount due. R. 4:64-1(d). The objection must state "with specificity the basis of the dispute" and "ask the [c]ourt to fix the amount

due" for the matter to be transferred to a judge in the country of venue. We determine the defendants' objections do not satisfy these requirements.

In addition, defendants request for mediation under the New Jersey Foreclosure Mediation Program (FMP) was untimely. Instead of requesting mediation, defendants chose to file a contested answer to the complaint.

Rule 4:64-1B(d)(2), which governs the FMP, states in part:

> The homeowner must apply to participate in the Residential Foreclosure Mediation Program no later than 60 days from the date they are served with the Summons and Complaint unless a court order is entered directing the parties to attend mediation.

The record shows defendants were served with notice of their right to apply for this program at which time discussions could have been initiated concerning a loan modification. Nothing in the record before us indicates defendants ever applied for the program. Therefore, we determine the trial court did not abuse its discretion by granting the final judgment without permitting defendants to discuss a loan modification, since there is no requirement obligating the court to facilitate such negotiations.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-1217-23