**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3826-23

FREEDOM MORTGAGE
CORPORATION,

      Plaintiff-Respondent,

v.

JAY BUBENHEIMER and
DARIA BUBENHEIMER,

      Defendants-Appellants.

_____

Submitted June 3, 2025 – Decided June 13, 2024

Before Judges Susswein and Perez Friscia.

On appeal from the Superior Court of New Jersey, Chancery Division, Hunterdon County, Docket No. F-011955-22.

Olga Aleinik (Aleinik Law Firm, PLLC), attorney for appellants.

Powers Kirn, LLC, attorneys for respondent (Jeanette J. O'Donnell, on the brief).

PER CURIAM

In this residential foreclosure matter, defendants Jay Bubenheimer and Daria Bubenheimer[1] appeal from the July 5, 2024 Chancery Division order denying Daria's motion to vacate the final judgment entered in favor of plaintiff Freedom Mortgage Corporation (Freedom). Having reviewed the record, parties' arguments, and governing legal principles, we affirm.

I.

On July 27, 2016, Jay borrowed $285,917 from Mortgage Research Center, LLC d/b/a Veterans United Home (Mortgage Research). Jay executed a note memorializing the loan, providing for a per annum interest rate of 3.875% and obligating him to a monthly payment of $1,344.49. The same day, Jay and Daria, husband and wife at the time, executed a mortgage on their Jeanette Lane property in Milford in favor of Mortgage Research, securing the note. On August 2, Mortgage Research recorded the mortgage in the Hunterdon County Clerk's Office.

In January 2021, Jay defaulted on the loan because he failed to make the necessary monthly payment and any payments thereafter. Mortgage Research assigned the mortgage to Freedom, which Freedom recorded on May 10, 2022.

---

[1] Because Jay Bubenheimer and Daria Bubenheimer share the same surname, we use first names for clarity. We intend no disrespect.

On November 7, Freedom filed a foreclosure complaint and personally served it on defendants the same month. Freedom's complaint alleged compliance with N.J.S.A. 2A:50-56, which requires a notice of intention to foreclose (NOI), under the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68. The complaint noted that Jay was the obligor on the note, and defendants executed a mortgage securing Jay's payment obligation. Freedom also named Daria as a defendant because she held a child support judgment against Jay.

On December 20, the court entered default against defendants for failing to timely answer. On February 1, 2023, the court vacated default against Daria by consent. One day later, Daria moved to consolidate the foreclosure action with a pending matrimonial action, which the court denied. On April 18, the court entered default against Daria again for failing to file an answer. On June 14, it entered the final judgment in favor of Freedom for $305,035.36. The same day, Freedom served Jay and Daria with the final judgment via regular mail.

One year later, on June 14, 2024, Daria moved to vacate the final judgment, averring that Freedom failed to serve her with a written NOI. While Daria was not obligated to repay the loan Jay received from Freedom, she alleged Freedom was required to separately serve her with an NOI, "as [she was] a party of interest" regarding the property. After her divorce from Jay, Daria

3

allegedly retained possession of the property.  She argued the record did not demonstrate Freedom perfected service of an NOI on Jay, but he did not join in the motion to vacate or provide a certification.  Daria alleged the final judgment was void as a matter of law because she:  "[wa]s named in the mortgage"; "occup[ied] the property"; and had "an independent right as a party in interest to service of a timely NOI, separate and apart from her divorced co-defendant Jay."  She cited to N.J.S.A. 2A:50-56(c)(11), acknowledging that the NOI was to provide "the debtor" with information.

The court denied Daria's motion to vacate the final judgment.[2]  Although it found Daria timely moved to vacate under Rule 4:50-1(d), the court found no error in Freedom not serving her with an NOI.  The court determined Jay was the sole "residential mortgage debtor" obligated to make payments on the note.  It further found that Freedom was not required to serve Daria with "a separate NOI" because she was "solely listed on the [m]ortgage and not the [n]ote."  Additionally, the court noted that Jay did not move to challenge Freedom's service of an NOI on him and found Daria lacked "standing to assert such a deficiency."

---

[2]  We note the court entered the order denying Daria's motion to vacate the final judgment on July 5, 2024, which the court thereafter amended on October 18 to reflect that Daria and Freedom had waived oral argument.

On appeal, defendants contend: (1) the lower court erred in granting the final judgment without addressing Freedom's failure to serve NOIs as required under the FFA; (2) Freedom's failure to serve NOIs deprived defendants of their statutory right to cure and the court of any basis to enter the final judgment; (3) a distinction exists between defective NOIs and the complete failure to serve NOIs, which requires dismissal of the foreclosure complaint; (4) the court lacked jurisdiction based on Freedom's failure to serve the NOIs; and (5) the absence of valid NOIs renders the final judgment void as a matter of law.

II.

We review a motion to vacate final judgment under Rule 4:50-1 for an abuse of discretion. 257-261 20th Ave. v. Roberto, 259 N.J. 414, 436 (2025); see also BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 124 (App. Div. 2021). "A court abuses its discretion 'when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Parke Bank v. Voorhees Diner Corp., 480 N.J. Super. 254, 262 (App. Div. 2024) (quoting Mims v. City of Gloucester, 479 N.J. Super. 1, 5 (App. Div. 2024)).

Rule 4:50-1(a) to (f) "provides for relief from a judgment [or order] in six enumerated circumstances." D.M.C. v. K.H.G., 471 N.J. Super. 10, 26 (App.

Div. 2022) (quoting In re Est. of Schifftner, 385 N.J. Super. 37, 41 (App. Div. 2006)). "[T]he rule is a carefully crafted vehicle intended to underscore the need for repose while achieving a just result." Ibid. (quoting DEG, LLC v. Township of Fairfield, 198 N.J. 242, 261 (2009)). Rule 4:50-2 provides that "[t]he motion shall be made within a reasonable time, and for reasons (a), (b) and (c) of R[ule] 4:50-1 not more than one year after the judgment, order or proceeding was entered or taken."

Specifically, Rule 4:50-1(d) permits a court to relieve a party from a judgment or order because "the judgment or order is void." "If a judgment is void and, therefore, unenforceable, it is a particularly worthy candidate for relief [under] []R[ule] 4:50-1(d)[,] provided that the time lapse is not unreasonable and an innocent third party's rights have not intervened." Bank v. Kim, 361 N.J. Super. 331, 336 (App. Div. 2003). "A Rule 4:50-1(d) motion, based on a claim that the judgment is void, does not require a showing of excusable neglect but must be filed within a reasonable time after entry of the judgment." Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012).

The FFA defines a "[r]esidential mortgage" as "a mortgage . . . in which the security is a residential property such as a house, . . . which is occupied, or is to be occupied, by the debtor . . . or a member of the debtor's immediate

6

family, as that person's residence." N.J.S.A. 2A:50-55. "[T]he express purpose of [N.J.S.A. 2A:50-56 is] . . . to provide notice that makes 'the debtor aware of the situation,' and to enable the homeowner to attempt to cure the default." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 479 (2012) (quoting N.J.S.A. 2A:50-56(c)). The FFA provides that prior to commencing a residential foreclosure action, a lender must provide an NOI to the debtor "at least [thirty] days . . . in advance." N.J.S.A. 2A:50-56(a). An NOI is a mandatory prerequisite to the filing of the foreclosure complaint under the FFA. Spencer Sav. Bank, SLA v. Shaw, 401 N.J. Super. 1, 7 (App. Div. 2008).

### III.

Defendants contend the court erred in denying Daria's motion to vacate the final judgment because Freedom failed to serve them individually with NOIs, precluding their right to cure. They further argue that Freedom's failure to serve the NOI's was not curable by an equitable remedy, the court lacked jurisdiction to foreclose, and because the final judgment is void, reversal is warranted. We are unpersuaded.

N.J.S.A. 2A:50-56(b) requires a lender to send an NOI in writing to the residential mortgage "debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of

7

the property which is the subject of the residential mortgage." The lender's written NOI shall "conspicuously state in a manner calculated to make the debtor aware of the situation" fifteen points of information to address the default, including the: "real estate security interest"; "nature of the default"; "right of the debtor to cure the default"; amount "to cure the default"; and "debtor['s] . . . option to participate in the Foreclosure Mediation Program." N.J.S.A. 2A:50-56(c)(1) to (15). "The Legislature specifically intended that lenders faithfully comply with the FFA provisions and articulated that '[w]aivers by the debtor of rights provided pursuant to [the FFA] are against public policy, unlawful, and void, unless given after default . . . in a separate written document signed by the debtor.'" EMC Mortg. Corp. v. Chaudhri, 400 N.J. Super. 126, 139 (App. Div. 2008) (alterations in original) (quoting N.J.S.A. 2A:50-61). However, "[w]e will not sanction a mortgagor's deliberate attempt to frustrate the mortgagee's efforts by ignoring the properly sent notice of intent." Id. at 140.

We initially address defendants' argument that Freedom failed to serve Jay with an NOI. Relevantly, Jay did not move before the court to vacate the final judgment. Specifically, he never raised that Freedom did not properly serve him with an NOI as the debtor on the note, and he did not provide a certification alleging that Freedom failed to comply with N.J.S.A. 2A:50-56 during the

foreclosure litigation. While defendants were both named on the mortgage, defendants acknowledged Jay alone executed the note and as such, was the only debtor. After only Daria moved to vacate, arguing Freedom did not serve Jay with the NOI, the court correctly found that Daria did not have standing to raise the issue of Freedom's service of an NOI on Jay. See Abbott v. Burke, 206 N.J. 332, 371 (2011) (stating "a litigant typically does not have standing to assert the rights of third parties").

Regarding Jay's challenge that Freedom failed to properly serve him with an NOI, which he raises for the first time on appeal, we generally decline to consider issues not presented below when an opportunity for such a presentation was available unless the questions raised on appeal concern jurisdiction or matters of great public interest. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); see also Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (recognizing claims that are not presented to a trial court are inappropriate for consideration on appeal). Jay's failure to raise the issue below precluded: Freedom from specifically addressing whether it separately served him with an NOI as the debtor; and the court from ruling on the issue. Our Supreme Court has elucidated that courts need not consider a party's newly raised Rule 4:50-1(d) argument seeking to vacate a final judgment for "fail[ure] to comply with the

FFA." Guillaume, 209 N.J. at 483. For these reasons, we decline to consider Jay's NOI arguments under Rule 4:50-1(d).

We turn to address Daria's argument that she was entitled to vacate the final judgment because Freedom failed to serve her with an NOI. Daria argues that although she was not a debtor on the note, Freedom was required to serve her with an NOI because she was "named on the mortgage document, which confers joint obligations and property rights." We disagree.

Daria cites no precedent, nor has our research revealed any authority, supporting her contention that because she jointly owned the property and was named on the mortgage, she was considered a "residential mortgage debtor" in default for "fail[ing] to perform" on "a residential mortgage obligation" under N.J.S.A. 2A:50-56(a). A "[r]esidential mortgage debtor" is defined as "any person shown on the record of the residential mortgage lender as being obligated to pay the obligation secured by the residential mortgage." N.J.S.A. 2A:50-55. Further, "[o]bligation" is defined as "a promissory note, bond[,] or other similar evidence of a duty to pay." N.J.S.A. 2A:50-55. Therefore, because Daria was not a debtor on the note, Freedom was not required to serve her with a separate NOI providing her with "notice of the right to cure the default." N.J.S.A. 2A:50-56(a). Stated another way, Daria's name on the mortgage, which secured

10

Freedom's note, and her property interest did not create an obligation for her to repay Freedom's loan that Jay entered alone.

For these reasons, we discern no error in the court's denial of Daria's motion to vacate the final judgment. Defendants' arguments that the court lacked jurisdiction to enter the final judgment and that the order was void as a matter of law lack merit.

Finally, we add that while the court found Daria timely filed her motion to vacate under Rule 4:50-1(d), we question whether she sufficiently demonstrated that moving to vacate the final judgment one year after the court entered it was reasonable. Freedom filed the foreclosure action and personally served defendants in November 2022. After the court entered default against Daria, it vacated the order by consent on January 31, 2023. The court noted that Daria attempted to file a deficient answer representing that Freedom did not sufficiently serve her with an NOI, but she never perfected the answer. Daria did not dispute litigating foreclosure issues, including seeking to consolidate the foreclosure action with the matrimonial action. Thereafter, on April 18, the court granted Freedom's second motion to enter default against Daria, and the court entered the final judgment on June 14. The record is bereft of any

explanation for why Daria waited twelve months after the court entered the final judgment before moving to vacate based on alleged NOI deficiencies.

"[A] reasonable time is determined based upon the totality of the circumstances." Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021). We are mindful that Rule 4:50-1 is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Guillaume, 209 N.J. at 467 (quoting Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)). Further, "[t]he Legislature's objective to ensure fair and effective foreclosure proceedings depends upon the careful oversight of our courts of equity and the active participation of lenders and homeowners." Id. at 485. The record provides insufficient support demonstrating Daria's motion to vacate under Rule 4:50-1(d) was "made within a reasonable time." R. 4:50-2; see also Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 319 (App. Div. 2012).

To the extent that we have not addressed the parties' remaining contentions, it is because they lack sufficient merit to be discussed in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division