**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0330-24

NEWREZ, LLC, d/b/a SHELLPOINT
MORTGAGE SERVICING,

     Plaintiff-Respondent,

v.

WILLIAM VELAZQUEZ, individually
and as Administrator of the ESTATE
OF ALBERTO VELAZQUEZ, a/k/a
ALBERTO VELAZQUEZ LOZADA,
and JOSEFINA TORRES,

     Defendants-Appellants,

and

GREAT SENECA FINANCIAL CORP.,
MERCHANTS COMMERCIAL
CREDIT, on behalf of PNC BANK,
RAB PERFORMANCE RECOVERIES
LLC, STATE OF NEW JERSEY, and
UNITED STATES OF AMERICA,

     Defendants,

and

ROBERT AND SARA BARNETT,

Defendants/Intervenors-
Respondents.

_____

Submitted October 14, 2025 – Decided November 24, 2025

Before Judges Walcott-Henderson and Bergman.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-010090-23.

William Velazquez and Josefina Torres, self-represented appellants.

Hill Wallack LLP, attorneys for respondent (Mark A. Roney, of counsel and on the brief).

Kessler Law, LLC, attorneys for intervenors-respondents (Adam S. Kessler, on the brief).

PER CURIAM

Defendants William Velazquez and Josefina Torres appeal from a Chancery court order granting summary judgment to plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, in a residential mortgage foreclosure action and entering a final judgment of foreclosure against them. Having considered the arguments in light of the record and applicable legal principles, we affirm.

A-0330-24

I.

We recite the underlying facts and procedural history from the record which are relevant to our opinion. In 2005, Alberto Lozado executed and delivered to Extraco Mortgage[1] an adjustable rate note in the principal amount of $235,000, secured by a mortgage on the subject property in Lakewood. The mortgage was recorded, and through valid assignments, ultimately transferred to plaintiff.

Lozado died intestate in February 2015. Defendants, as his heirs, continued to make payments on the subject loan after his death and eventually title to the property was transferred to them through the estate's administration. Around April 2016, an escrow account was established consistent with the terms of the mortgage for payment of taxes and insurance on the property. Defendants made escrow payments for several years after Lozado's passing. However, in April 2022, defendants failed to make payment of the full amount then due; their payment of $1,800 was less than the required $2,031.53 and was held by plaintiff's as "unapplied." Subsequent payments remained insufficient, and late charges were applied for April, May, and June 2022. By February 2023,

---

[1] Extraco Mortgage is a loan originator and not a party to the underlying action or this appeal.

defendants were two months behind on the loan, with the payment received in February only satisfying the payment due for December 2022.

On June 8, 2023, plaintiff mailed a Notice of Intention to Foreclose ("NOI") via certified mail to the property's address, listing Lozado as the "Borrower" under the "Note," and advising of the default beginning with the payment due February 1, 2023. Confirmation of receipt for the certified letter was never signed by defendants. Thereafter, plaintiff filed its foreclosure complaint on August 24, 2023.

Defendants filed a contesting answer and plaintiff moved for summary judgment on February 28, 2024. At defendants' request, the motion was adjourned and the trial court ordered opposition to be filed no later than April 12, 2024. Defendants failed to file timely opposition but instead filed a cross-motion to dismiss the complaint on April 19, 2024—a week late.

On April 26, 2024, the trial court granted summary judgment to plaintiff, and denied the cross-motion as untimely. In its oral opinion, the court stated the motion was granted "for the reasons set forth in the certification and the [briefing] of the moving party." Defendants' subsequent motions to fix the amount due and to stay the sheriff's sale were denied.

A-0330-24

Robert and Sara Barnett purchased the subject property at the Sheriff's sale, were granted intervention by the trial court and participated in the post-judgment proceedings below. We granted an order permitting them to intervene in this appeal and have considered their merits brief.

On appeal, defendants assert the trial court erred by: (1) failing to advance findings of fact and conclusions of law when granting summary judgment and denying defendants' cross-motion; (2) finding defendants defaulted under the terms of the loan; (3) finding defendants were provided a valid Notice of Intention to Foreclose ("NOI"), N.J.S.A. 2A:50-56, under the New Jersey Fair Foreclosure Act ("FFA"), N.J.S.A. 2A:50-53 to -82; and (4) rejecting their assertion that plaintiff's imposition of late fees violated the New Jersey Home Ownership Security Act of 2002 ("HOSA"), N.J.S.A. 46:10B-22 to -35.

II.

In our review of a grant of summary judgment, we apply the same legal standard as the motion judge. Townsend v. Pierre, 221 N.J. 36, 59 (2015). We must determine whether there is a "genuine issue as to any material fact" when the evidence is "viewed in the light most favorable to the non-moving party." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405-06 (2014) (first quoting R. 4:46-2(c); and then quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J.

520, 540 (1995)). The "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference" and are reviewed de novo. Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382-83 (2010) (quoting City of Atl. City v. Trupos, 201 N.J. 447, 463 (2010)).

A.

Initially, we address defendants' contention that the court failed to render adequate findings supporting its grant of summary judgment to plaintiff. Rule 1:7-4(a) requires that "the court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon." Compliance may be satisfied where the decision relies explicitly on reasons advanced in the moving papers. In re Trust Created by Agreement Dated Dec. 20, 1961, 399 N.J. Super. 237, 253 (App. Div. 2006).

The record shows the court stated orally on the record that plaintiff's motion was granted "for the reasons set forth in the certification and the briefing of the moving party." We conclude this explicit reference was held to satisfy Rule 1:7-4(a), since it makes plain the basis for decision and permits meaningful appellate review. Ibid. Here, plaintiff's certifications in support of its motion set forth the basis for summary judgment and were undisputed as to the terms of

A-0330-24

the note, mortgage, assignments, and defendants' default. We see no abuse of discretion by the trial court on this point as it rendered sufficient findings of fact and conclusions of law concerning foreclosure pursuant to the rule which we substantively address hereafter.

B.

We now turn to defendants' contention that the court erred by finding defendants defaulted under the terms of the loan. Defendants did not oppose the plaintiff's motion for summary judgment and therefore did not raise these arguments before the trial court. The trial court granted defendants' request to adjourn the motion and set a deadline for defendants to respond to plaintiff's summary judgment motion. Defendants failed to timely file their cross-motion for dismissal or opposition to the motion and, therefore, the motion was decided on an unopposed basis. We conclude the failure to timely file a response rests on defendants alone, as they were clearly advised of plaintiff's motion by the trial court at the time the court granted their adjournment request and required opposition be filed by a set date. Nevertheless, even when considering defendants' arguments on their merits, they fail.

In a mortgage foreclosure proceeding, the court must determine three issues: (1)"the validity of the mortgage[;][(2)] the amount of the indebtedness"

and default; and (3) the right of the plaintiff to foreclose on the mortgaged property. Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994).

Plaintiff's certification in support of its default request included a loan history which established that the February 1, 2023 mortgage payment was not paid until July 11, 2023, resulting in a delinquency. Since at least April 2022, defendants' payments consistently failed to satisfy the full monthly obligation, as they underpaid on the amounts due, resulting in the application of late charges and accumulation of unpaid balances over time.

Further, the mortgage terms expressly permitted the lender to require escrow payments for taxes and insurance and to obtain force-placed insurance if proof of private insurance was not provided by borrowers. Plaintiff was not obligated to accept partial payments as "timely" under the note and mortgage. Payment is an affirmative defense, and defendants bore the burden to provide admissible documentary proof contesting plaintiff's proofs. See Federal Deposit Ins. Corp. v. Miller, 130 N.J.L. 626, 628 (E. & A. 1943).

Our review of the record establishes there was no dispute at the time of the summary judgment motion that payments were not made, which were due March 1, 2023, or thereafter, clearly placing defendants in default status for

8

failing to make the required payments.  Because there was substantial, credible evidence in the record supporting the trial court's finding, we conclude there is no merit to defendants' argument they were not in default at the time the foreclosure complaint was filed and prosecuted.

C.

We now address defendants' contention they were not served with the required NOI before plaintiff commenced foreclosure proceedings, in violation of both the mortgage agreement at Sections 20 and 22 and the FFA.

The FFA applies to residential foreclosures and mandates mailing of an NOI to the residential mortgage debtor before filing the foreclosure complaint. N.J.S.A. 2A:50-56(a) to (b).  The statute requires only that the NOI be mailed by certified mail, return receipt requested; actual receipt or proof of delivery is not necessary.  EMC Mortg. Corp. v. Chaudri, 400 N.J. Super. 126, 140 (App. Div. 2008).

The FFA provides:

> (a) Upon failure to perform any obligation of a residential mortgage by the residential mortgage debtor and before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation and commence any foreclosure or other legal action to take possession of the residential property which is the subject of the mortgage, the residential mortgage lender shall give [an NOI], which shall

9

include a notice of the right to cure the default . . . at least 30 days, but not more than 180 days, in advance of such action as provided in this section, to the residential mortgage debtor. . . .

(b) [An NOI] <u>shall be in writing, . . . sent to the debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of the property which is the subject of the residential mortgage.</u> The notice is deemed to have been effectuated on the date the notice is delivered in person or mailed to the party. . . .

[N.J.S.A. 2A:50-56 (emphasis added).]

An NOI is a mandatory prerequisite to the filing of the foreclosure complaint under the FFA. <u>Spencer Savs. Bank, SLA v. Shaw</u>, 401 N.J. Super. 1, 7 (App. Div. 2008). Notably, the FFA does not require proof of receipt. Instead, proof that a plaintiff requested a return receipt of the NOI is sufficient to meet the statutory requirements.

Under the plain language of N.J.S.A. 2A:50-56(b), notice is "effectuated on the date the notice is delivered in person or mailed to the party." The statute does not require proof of delivery. New Jersey courts "have recognized a presumption that mail properly addressed, stamped, and posted was received by the party to whom it was addressed." <u>SSI Med. Servs., Inc. v. State Dept. of Hum. Serv.</u>, 146 N.J. 614, 621 (1996).

We have held that a foreclosing plaintiff satisfies the FFA when it sends the statutory NOI by first class and certified mail, return receipt requested. EMC Chaudhri, 400 N.J. Super. at 143. In Chaudhri, the foreclosing plaintiff provided sufficient proof of compliance because it presented evidence that the certified mail notice was sent to the defendant and that the first-class mail had not been returned. Id. at 140. The court concluded that the "simultaneous use of certified mail and first-class mail satisfies the statutory requirements of N.J.S.A. 2A:50-56. Nothing more is required." Ibid.

Defendants rely upon our unpublished case of Nationstar Mortg., LLC v. Armstrong for Est. of Armstrong, No. A-3795-16 (App. Div. Mar. 20, 2018) (slip op. at 1), to support their argument. Armstrong held service of the NOI on the mortgagor's estate administrator is mandatory prior to filing suit. Id. at 2.

Based on plaintiff's proofs in the summary judgment record, we conclude the trial court properly found that plaintiff satisfied the notice requirements under the FFA. Pursuant to the terms of the mortgage, plaintiff mailed the NOI to the "Borrower" on June 8, 2023, at the "Mortgaged Property," which defendants then owned through the estate's deed transfer to them, via certified mail return receipt requested, advising of the payment default and providing the opportunity to cure the default. Plaintiff certified that the mailing was returned

as unclaimed due to defendants' refusal to accept delivery. Therefore, defendants' assertion that they were not served the NOI is not supported by the record considering plaintiff showed the required proof of mailing satisfying the FFA's NOI requirements.

Defendants' reliance on <u>Armstrong</u> to support a defect in service of the NOI occurred is unavailing. We conclude this argument is misplaced for two reasons. First, we are not bound by <u>Armstrong</u>. <u>See</u> <u>R.</u>1:36-3 (stating no unpublished opinion "shall constitute precedent or be binding upon any court."). <u>See also</u> <u>Badiali v. New Jersey Mfrs. Ins.</u>, 220 N.J. 544, 559 (2015) (reaffirming the dictate of the rule). Defendants do not cite any published case that requires a mortgagee to send an NOI to anyone other than the "residential mortgagor" which was accomplished by plaintiff herein. Second, even if we were to consider this argument, the cited case involved defective service by not sending <u>any</u> NOI and did not address the sufficiency of an NOI mailed to a deceased borrower like the matter before us. As a result, the trial court did not abuse its discretion by finding plaintiff satisfied the requirements of N.J.S.A. 2A:50-56 because the NOI was sent to debtor's last known address, which was the mortgaged premises via certified mail, return receipt requested.

A-0330-24

D.

We now address defendants' last contention that plaintiff violated HOSA by improperly imposing late fees on timely principal and interest payments. Defendants assert they made all principal and interest payments on time, as well as timely payments for property taxes and hazard insurance directly to the appropriate entities. Nevertheless, they assert plaintiff imposed late charges based on its demand that taxes and insurance be escrowed—contrary to the loan agreement—and failed to comply with HOSA's procedural requirements. Defendants argue these violations entitle them to statutory damages and penalties under N.J.S.A. 46:10B-29, totaling up to $281,530.15, and further contend these damages result in a net amount owed to defendants and a discharge of the mortgage is appropriate.

We conclude defendants' claim of a violation of the HOSA is without merit. HOSA limits late charges on residential mortgages by capping them at 5% of the overdue payment, allowing assessment only if a payment is at least fifteen days late, and prohibiting more than one late charge for a single missed payment. N.J.S.A. 46:10B-25(d). The record exhibits that the note specifically provides for a late charge of 5% of the overdue amount only if payment is received fifteen days or more after the due date. The plaintiff's records and the

A-0330-24

affidavit of amount due submitted in support of its motion for summary judgment confirm only a single 5% late charge per month was assessed.

Here, we determine the late charges were properly assessed because defendants failed to make payment of the full amount due and owing within fifteen days of the due date for the months at issue. As we have previously determined, it is undisputed defendants fell behind in making their monthly payments of principal, interest, and escrow. To this point, defendants were paying taxes and insurance into escrow for approximately six years as part of their monthly payments by the time they defaulted in their payments in April 2022. Thus, we determine their characterization of the late charges being improperly assessed under HOSA for failing to pay taxes and insurance in 2022 is inaccurate based on the clear information showing otherwise in the record. Indeed, there was no evidence in the record that defendants timely disputed the imposition of the escrow at any time after April 2016, disputed the "force placed" insurance applied in 2022 and 2023 or provided proof of insurance to plaintiff. The record exhibits the imposition of the escrow and insurance to be paid through the mortgage was in place for several years before defendants' first missed payment and was not the reason for their default. We conclude no genuine issue of material fact existed calling into question plaintiff's compliance

14

with HOSA because it is undisputed that plaintiff did not charge a late fee for a payment that was timely paid, nor did it charge duplicative late charges in a single month on the loan.

To the extent we have not addressed any of defendants' remaining arguments, we conclude those arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0330-24